## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 26-104 PA (DSRx) | Date | January 23, 2026 |
|---|---|---|---|
| Title | Sukvinder Singh v. Kristi Noem, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Sukvinder Singh ("Petitioner") on January 22, 2026. (Docket No. 6.) Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") since June 2024, and his TRO Application seeks his release from ICE detention. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.[1]

The TRO Application was filed in connection with a Habeas Petition, filed on January 9, 2026, naming as respondents Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of ICE; Jaime Rios, Acting Director of ICE's Los Angeles Field Office; Fereti Semaia, warden of the Adelanto ICE Processing Center; ICE, and DHS (collectively

---

[1]     Because the Court concludes that Petitioner has failed to show the  irreparable harm necessary to justify emergency injunctive relief, the Court did not need to wait for the government to respond before issuing its ruling on the TRO Application. The Court notes, however, that Petitioner's notice to the respondents did not comply with the Local Rules. Counsel for Petitioner states in her declaration that she notified counsel for respondents via written email to the general usacac.habeas@usdoj.gov address regarding the TRO application. In order to seek emergency relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Counsel's written email  simply does not meet Rule 7-19.1 (a)'s requirement to make a good faith and reasonable effort to orally advise opposing counsel. Moreover, due to that failure, counsel was unable to advise the Court as to whether the government opposed the application as required by Rule 7-19.1(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-104 PA (DSRx) | Date | January 23, 2026 |
|---|---|---|---|
| Title | Sukvinder Singh v. Kristi Noem, et al. | | |

"Respondents"). The Petition seeks relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 16. The Petition asserts claims for: (1) violation of the Due Process Clause of the Fifth Amendment as a result of Petitioner's continued detention; and (2) violation of 8 U.S.C. § 1231 because Petitioner's removal is not "reasonably foreseeable" and his detention is thus no longer authorized by statute. (Docket No. 1.) In his TRO Application, Petitioner seeks immediate release from detention, and an injunction preventing Respondents from re-detaining Petitioner without notice and a pre-detention hearing before an immigration judge, where Respondents have the burden of demonstrating a change in circumstances by clear and convincing evidence. (TRO Appl. at p. 2.)

Petitioner alleges that he is a twenty-nine year old citizen of India who entered the United States without inspection in August 2023. Petitioner was arrested by border patrol agents, placed in ICE detention and subject to removal proceedings in September 2023. (Pet. ¶ 17; Docket No. 6-1 at p. 5–6, 14–15.) Petitioner was later released "on his own recognizance and upon the determination that he posed neither a danger to the community or a flight risk." (TRO Appl. at p. 1).[2] Petitioner also filed "a timely asylum application." (Pet. ¶ 17.) While that application was pending, Petitioner was re-detained by ICE on June 6, 2024, after he was arrested close to the Canadian border by border patrol agents on suspicion of alien smuggling in violation of 8 U.S.C. § 1325. (Docket No. 6-1 at pp. 11–15.) During his post-arrest interview with DHS agents, Petitioner admitted to helping his friend enter the United States without payment; DHS agents declined to prosecute. Instead, Petitioner was "processed as a Custody Redetermination . . .pending further removal proceedings." (Docket No. 6-1 at p. 15.) At some point, not specified in the Petition or TRO Application, Petitioner was ordered removed to India. (Pet. ¶ 11.)

On June 3, 2025, an Immigration Judge granted Petitioner's application to withhold removal to India. (Docket No. 6-1 at p. 17.) Instead of releasing Petitioner, ICE continued to hold him. (Pet. ¶ 18.) Petitioner now alleges that he has been held for more than six months after being granted withholding of removal in violation of his constitutional rights. Petitioner also alleges a violation based on his re-detention in June 2024 without a pre-deprivation bond hearing. Petitioner's TRO Application requests that the Court order his release from ICE detention on his own recognizance, under the conditions that governed his first release from ICE custody. (TRO Appl. at p. 2.)

---

[2] Contrary to Petitioner's allegation, the DHS report of Petitioner's arrest states that he was released due to lack of bed space. (Docket No. 6-1 at p. 15.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 26-104 PA (DSRx) | Date | January 23, 2026 |
|---|---|---|---|
| Title | Sukvinder Singh v. Kristi Noem, et al. | | |

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.

A moving party faces an exceedingly high burden when seeking affirmative relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Moreover, mandatory injunctions, where the party seeks to alter the status quo rather than merely preserve it, are "particularly disfavored," and a party seeking a mandatory injunction, as Petitioner is here, "must establish that the law and facts clearly favor [the moving party's] position, not simply that [the moving party] is likely to succeed." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (emphasis in original).

Here, Petitioner has not shown that he will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Petitioner bases his claim of irreparable prejudice on the briefing schedule for adjudication of his Petition set by Magistrate Judge Roberts. (See Docket No. 4.) Petitioner claims that this briefing schedule "would result in his detention for another several months beyond the seven months that he as already served in detention following the grant of withholding of removal," and that this continued detention constitutes irreparable injury because it is unlawful. (TRO Appl. at p. 9.) Petitioner fails to explain, however, why a regularly noticed motion for preliminary injunction, or an ex parte application to hear a noticed motion on shortened would not address any delay caused by the briefing schedule set in this case.

Moreover, while the Court recognizes the serious nature of Petitioner's detention, the TRO Application does not meet the burden of demonstrating why Petitioner "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Mission Power Eng'g, 883 F. Supp. at 492. This is especially true given Petitioner's delay in seeking his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-104 PA (DSRx) | Date | January 23, 2026 |
|---|---|---|---|
| Title | Sukvinder Singh v. Kristi Noem, et al. | | |

release through injunctive relief.  Petition has been in ICE custody since June 2024.  Although one of his claims is premised on the length of his detention following the June 2025 decision withholding his removal to India, his other claim is based on his being detained by ICE in June 2024 without a pre-deprivation bond hearing.  Moreover, it has now been almost eight months since the Immigration Judge ruled on Petitioner's application to withhold removal.  Petitioner's application fails to address his delay in seeking injunctive relief, or to explain why it is suddenly necessary that it be decided on an emergency, ex parte basis at this time.

The Court therefore denies the TRO Application without prejudice.

IT IS SO ORDERED.